UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JIMMY D. SHINN                                                          PETITIONER

v.                                                    CIVIL ACTION NO.1:12-CV-116-SA-DAS

STATE OF MISSISSIPPI                                                   RESPONDENT

REPORT AND RECOMMENDATION

The respondents have moved to dismiss Jimmy Shinn's petition for writ of habeas corpus for failure to exhaust his state court remedies. Shinn has filed no response in opposition.

An applicant for habeas relief in this court must exhaust his state court remedies as a prerequisite to any grant of relief on the petition. 28 U.S.C. § 2254 (b)(1). He must present all claims in a procedurally proper manner to the highest court in the state and provide that court with a fair opportunity to pass on the merits of the claim. *O'Sullivan v Boerckel,* 526 U.S. 838 (1999).

Shinn pled guilty on February 18, 2005 to two counts of uttering a forgery. Shinn was sentenced to four years to serve and five years of post-release supervision on each count  While the trial court indicated its intent at the hearing to impose these sentences consecutively, the sentencing order failed to specify how the sentences were imposed. The Mississippi Department of Corrections interpreted the judgment as imposing the sentences concurrently and set Shinn's release date in accordance with that interpretation. He was discharged on July 4, 2007, after expiration of the custodial portion of his sentence and began his five years of post-release supervision.

When Shin violated the terms of that supervision, the trial judge sentenced Shinn as if the original sentences had been imposed consecutively. He was sentenced to two and a half years

for each count, or for a total of five years in custody.  Likewise he was sentenced to two and a half years of post-release supervision on each count for a total of five years.  The trial court denied Shinn's motion for post-conviction relief, but the Mississippi Court of Appeal reversed, rendered and remanded finding that the sentences could not be modified at the revocation hearing to make them consecutive.

On remand the trial court imposed two and a half years on each count in custody and two and a half years of post-release supervision, but imposed the sentences concurrently, dropping the time on each segment of the sentence by half.  No appeal or post-conviction relief has been taken from this sentence.  Because he has not taken advantage of these remaining state court remedies, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections must be in writing and must be filed within fourteen days of this date.  Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date.  Petitioner is warned that failure to comply with the requirements of this paragraph

may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 27th day of December, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE